UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROOSEVELT HOGG, JR., <br> Petitioner, <br> v. <br> GREGORY J. AHERN, et al., <br> Respondents. | Case No. 20-03082 EJD (PR) <br><br> **ORDER OF DISMISSAL** |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction.[1] Dkt. No. 1. Petitioner paid the filing fee after the Court denied his motion for leave to proceed in forma pauperis. Dkt. Nos. 17, 20.

**BACKGROUND**

Petitioner pleaded nolo contendere to the charge of possession of a firearm by a felon in Alameda County Superior Court. Dkt. No. 1 at 1-2. Petitioner was sentenced on January 26, 2018, to "1 year county, 5 years probation." Id. at 1. As of his last filing with

---

[1] The matter was reassigned to this Court on June 15, 2020, after Petitioner declined magistrate judge jurisdiction. Dkt. Nos. 4, 6.

1  the Court on December 23, 2020, Petitioner remains in custody at the Santa Rita County
2  Jail in Dublin. Dkt. No. 23.
3      Petitioner did not appeal the matter. Id. at 3. Petitioner indicates that he sought
4  relief by filing a "Marsden Motion" in Alameda County Superior Court which was denied
5  on the same date that he was sentenced. Id. at 3-4. No other collateral review was sought
6  in either the state appellate or high courts.
7      Petitioner filed this federal habeas action on May 5, 2020.

## DISCUSSION

### A. Exhaustion

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b)-(c). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. Duckworth v. Serrano, 454 U.S. 1, 3-5 (1981). Before he may challenge either the fact or length of his confinement in a habeas petition in this Court, petitioner must present to the California Supreme Court any claims he wishes to raise in this court. See Rose v. Lundy, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. See id., 455 U.S. at 510; Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988).

According to the petition, Petitioner pleaded nolo contendere and was sentenced on January 26, 2018. See supra at 1. Petitioner indicates that he did not seek direct review, and other than filing a Marsden motion in the state superior court, he did not seek collateral review in the state appellate and high courts. Dkt. No. 3-4.

It is clear from the petition that Petitioner did not present the claims from the instant

petition to the California Supreme Court, either on direct appeal or in a state habeas action, before filing this action. Therefore, the petition is not ripe for federal review because Petitioner has still not exhausted his state remedies. See Rose, 455 U.S. at 522. Accordingly, this petition should be dismissed without prejudice to Petitioner filing a new federal habeas corpus petition once state remedies have been exhausted.

But even if Petitioner had exhausted the claims raised herein, none of the claims are cognizable in federal habeas. Petitioner claims the following: (1) ineffective assistance of counsel for failing to challenge a prior conviction; (2) illegal search and seizure; and (3) search warrants were not obtained until after the illegal search. Dkt. No. 1 at 5. However, Petitioner's nolo contendere plea, which in California is the equivalent of a guilty plea,[2] means that he cannot later raise in habeas corpus proceedings independent claims relating to the deprivation of constitutional rights that occurred before the plea of guilty. See Haring v. Prosise, 462 U.S. 306, 319-20 (1983) (guilty plea forecloses consideration of pre-plea constitutional deprivations); Tollett v. Henderson, 411 U.S. 258, 266-67 (1973) (same); Moran v. Godinez, 57 F.3d 690, 700 (9th Cir. 1994) (refusing to consider contention that petitioner's attorneys were ineffective because they failed to attempt to prevent the use of his confession as pre-plea constitutional violation). All the claims he raises in the instant petition relate to the deprivation of constitutional rights that occurred before his plea and are therefore are not cognizable in federal habeas. See Haring, 462 U.S. at 319-20.

If Petitioner still desires to challenge the underlying conviction in a federal habeas action, the only claim available to him is with respect to the voluntary and intelligent character of the plea and the nature of the advice of counsel to plead. Hill v. Lockhart, 474 U.S. 52, 56-57 (1985); Tollett v. Henderson, 411 U.S. 258, 267 (1973). A defendant who pleads guilty upon the advice of counsel may only attack the voluntary and intelligent

---

[2] Under California law, a "plea of nolo contendere 'is the functional equivalent of a guilty plea.'" United States v. Anderson, 625 F.3d 1219, 1220 (9th Cir. 2010) (quoting People v. Whitfield, 54 Cal. Rptr. 2d 370, 377 (Cal. Ct. App. 1996)).

character of the guilty plea by showing that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases.  Id.; Lambert v. Blodgett, 393 F.3d 943, 979 (9th Cir. 2004); United States v. Signori, 844 F.2d 635, 638 (9th Cir. 1988); Hudson, 760 F.2d at 1030.

**B.      Timeliness**

From the face of the petition, there also appears to be an issue of timeliness.  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996, and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners.  Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence.  See 28 U.S.C. § 2244(d)(1).  Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit.  *See id.* § 2244(d)(2).

Petitioner states that he was sentenced on January 26, 2018.  See supra at 1.  Petitioner had sixty days thereafter to file an appeal.  See Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006) (because California prisoner did not appeal his conviction, process of direct review became final 60 days after conviction); Cal. Rule of Court 8.308(a) (providing that appeal from criminal judgment must be filed within 60 days after rendition of judgment or making of order being appealed) (formerly Cal. Rule of Court 31).  Because Petitioner did not seek direct review, the judgment became final on March 27, 2018.  Id.  Nor did Petitioner seek any collateral review to be entitled to statutory tolling.  Therefore, he had one year until March 27, 2019, to file a timely federal habeas

4

action.  However, Petitioner did not file this action until May 5, 2020, well after the limitations period had expired.  Accordingly, Petitioner is advised that even if he were to return after exhausting state judicial remedies, the habeas petition may be subject to dismissal as untimely.

## CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus is **DISMISSED** for failure to exhaust state remedies.  See Rose, 455 U.S. at 510.  The dismissal is without prejudice to Petitioner refiling once he has exhausted state judicial remedies with respect to any cognizable claims raised.

**IT IS SO ORDERED**.

Dated:   1/5/2021

EDWARD J. DAVILA
United States District Judge

Order of Dismissal
P:\PRO-SE\EJD\HC.20\03082Hogg_dism(exh)